# SUBLEASE

SUBLEASE, dated as of August 31, 2022 (this "Sublease") between ARTEMIS REAL ESTATE PARTNERS, LLC, a Delaware limited liability company, having an office at 888 Seventh Avenue, New York, New York 10019 ("Sublessor"), and EGYPTIAN-AMERICAN ENTERPRISE FUND, a non-profit non-stock corporation having an office at 888 Seventh Avenue, New York, New York 10019 ("Sublessee").

W I T N E S S E T H:

WHEREAS, by Lease, dated as of June 28th, 2022 (the "Master Lease"), between 888 Seventh Avenue LLC ("Landlord"), as landlord, and Sublessor, as tenant, Landlord leased to Sublessor, in accordance with the terms therein, certain premises more particularly described therein (the "Entire Premises") located on the thirtieth (30th) floor in the building known as and located at 888 Seventh Avenue, New York, New York;

WHEREAS, Sublessor desires to sublet to Sublessee, and Sublessee desires to hire from Sublessor, a portion of the Entire Premises, as more particularly described herein, upon the terms and conditions hereinafter set forth and in accordance with the terms of the Master Lease; and

WHEREAS, all capitalized terms used herein, but not defined herein, shall have the meanings ascribed thereto in the Master Lease.

NOW, THEREFORE, in consideration of the mutual covenants hereinafter provided, Sublessor and Sublessee hereby agree as follows:

1. Demised Premises.

1.1. Sublessor hereby sublets to Sublessee, and Sublessee hereby sublets and hires from Sublessor, a portion of the Entire Premises substantially as shown on the floor plan annexed as Exhibit A (the "Premises") for the sublease term hereinafter stated and for the Sublease Fixed Rent and Additional Rent (both as hereinafter defined) hereinafter reserved, subject to all of the terms and provisions hereinafter provided or incorporated in this Sublease by reference. Sublessor shall allow Sublessee use of the common areas of the Entire Premises throughout the term of this Sublease, including without limitation, hallways to and from the Premises, and use of the reception area, copy room, server room and kitchen.

1.2. Sublessee agrees to accept the Premises on the Commencement Date (as hereinafter defined) in its "as is" condition on the date thereof. Sublessor has not made and does not make any representations or warranties as to the physical condition of the Premises, or any other matter affecting or relating to the Premises; provided, however, that on the Commencement Date, the Premises shall be freshly painted and carpeted.

1.3. Any and all alterations to, work to be performed in or materials to be supplied for the Premises shall be made, performed and supplied at the sole cost and expense of Sublessee and in conformance with all of the terms and provisions of this Sublease and the Master Lease.

2. Term.

2.1. The term ("Term") of this Sublease shall commence on the Commencement Date (the "Commencement Date"), and shall expire, unless sooner terminated as herein provided, on the last day of

the calendar month during which occurs the day immediately preceding the date that is the third (3rd) anniversary of the Commencement Date (the "Expiration Date").

2.2. If the term of the Master Lease is terminated for any reason prior to the Expiration Date, this Sublease shall thereupon be terminated ipso facto without any liability of Sublessor to Sublessee by reason of such early termination. Except as otherwise expressly provided in this Sublease with respect to those obligations of Sublessee and Sublessor which by their nature or under the circumstances can only be, or under the provisions of this Sublease may be, performed after the termination of this Sublease, the Term and estate granted hereby shall end at noon on the date of termination of this Sublease as if such date were the Expiration Date, and neither party shall have any further obligation or liability to the other after such termination. Notwithstanding the foregoing, any liability of Sublessee to make any payment under this Sublease, whether of Sublease Fixed Rent, Additional Rent or otherwise, which shall have accrued prior to the expiration or sooner termination of this Sublease, shall survive the expiration or sooner termination of this Sublease.

2.3. Sublessee waives the right to recover any damages which may result from Sublessor's failure to deliver possession of the Premises on the Commencement Date. If Sublessor shall be unable to deliver possession of the Premises on such scheduled date, and provided Sublessee is not responsible for such inability to give possession, the Rent reserved and guaranteed to be paid herein shall not commence until Sublessor shall be able to so deliver possession of the Premises to Sublessee, and no such failure to deliver possession on such scheduled date shall in any way affect the validity of this Sublease or the obligations of Sublessee hereunder or give rise to any claim for damages by Sublessee or claim for rescission of this Sublease, nor shall the same in any way be construed to extend the Term.

3. Rent.

3.1. The rent ("Rent") reserved for the Term shall consist of the following:

(a) commencing on the Rent Commencement Date under the Master Lease, annual fixed rent ("Sublease Fixed Rent") in an amount equal to thirty percent (30%) of the annual Fixed Rent then payable by Sublessor to Landlord under the Master Lease; and

(b) additional rent ("Additional Rent") in an amount equal to the sum of (A) thirty percent (30%) of any and all sums of money ("Underlying Additional Rent") (other than annual Fixed Rent) which is or may become payable by Sublessor to Landlord or other parties under the Master Lease, including, without limitation, the Escalation Rent (but excluding any Additional Rent payable under the Master Lease which is specifically attributable to Sublessor's acts or omissions thereunder and not arising from Sublessee's acts or omissions); (B) any and all sums of money arising out of Sublessee's particular use of the Premises; and (C) any and all other sums payable by Sublessee to Sublessor hereunder. Additional Rent under this subsection shall be payable by Sublessee on the date that is ten (10) days before the date on which the Underlying Additional Rent is payable to Landlord under the Master Lease. All other Additional Rent shall be payable upon demand. Sublessor shall have the same remedies with respect to any default by Sublessee in the payment of Additional Rent as are provided in this Sublease, the Master Lease or applicable law with respect to any nonpayment of rent.

3.2. Sublessee shall pay all Rent as the same shall become due and payable under this Sublease, without prior notice or demand therefor without any abatement, deduction or setoff of any kind whatsoever, (a) in the case of Sublease Fixed Rent or reoccurring Additional Rent, by wire transfer of immediately available federal funds as directed by Sublessor, and (b) in the case of all other sums, either by wire transfer as aforesaid or by check (subject to collection) drawn on a New York Clearing House Association member bank, in each case at the times provided herein without notice or demand and

without setoff or counterclaim.

4. Use.

4.1. Sublessee may occupy and use the Premises only for the uses permitted under the Master Lease, and for no other purpose, provided that any use of the Premises shall in all other respects be only as permitted under the terms and provisions of this Sublease and the Master Lease, including the rules and regulations under the Master Lease, and any and all laws, statutes ordinances, orders, regulations and requirements of all federal, state and local governmental, public or quasi-public authorities, whether now or hereafter in effect, which may be applicable to or in any way affect the Premises or any part thereof (collectively, "Legal Requirements").

4.2. Sublessee shall not, without the prior consent of Sublessor and Landlord, knowingly do or permit anything to be done which may result in a violation of the terms of this Sublease or the Master Lease or which may make Sublessor liable for any damages, claims, fines, penalties, costs or expenses thereunder.

5. Master Lease.

5.1. This Sublease and all of Sublessee's rights hereunder are and shall remain in all respects subject and subordinate to (i) all of the terms and provisions of the Master Lease, a copy of which has been delivered to Sublessee, (ii) any and all amendments of the Master Lease or supplemental agreements relating thereto hereafter made between Landlord and Sublessor (copies of which Sublessor agrees to deliver to Sublessee); provided, however, that Sublessor shall not enter into any such amendments or supplemental agreements that shall adversely (1) affect Sublessee's rights or Sublessor's obligations hereunder, other than in a de minimis fashion, (2) increase Sublessee's obligations hereunder, other than in a de minimis fashion, (3) decrease the size of the Premises, or (4) shorten the term hereof, and (iii) any and all matters to which the tenancy of Sublessor, as tenant under the Master Lease, is or may be subordinate. Sublessee shall in no case have any rights under this Sublease greater than Sublessor's rights as tenant under the Master Lease. The foregoing provisions shall be self-operative and no further instrument of subordination shall be necessary to effectuate such provisions unless required by Landlord or Sublessor, in which event Sublessee shall, upon demand by Landlord or Sublessor at any time and from time to time, execute, acknowledge and deliver to Sublessor and Landlord any and all instruments that Sublessor or Landlord may deem reasonably necessary or proper to confirm such subordination of this Sublease, and the rights of Sublessee hereunder. Sublessee hereby appoints Sublessor its attorney in fact, coupled with an interest, for the purpose of executing any such instrument of subordination if Sublessee shall fail to execute, acknowledge and/or deliver any such instrument of subordination within ten (10) business days after Landlord's or Sublessor's demand therefor.

5.2. Sublessee acknowledges that in the event of a termination of the Master Lease or re-entry or dispossess by Landlord under the Master Lease, Landlord may, at its option, take over all of the right, title and interest of Sublessor hereunder and Sublessee agrees that it shall, at Landlord's option, attorn to Landlord pursuant to the then executory provisions of this Sublease, except that Landlord shall not (i) be liable for any previous act or omission of Sublessor under this Sublease, (ii) be subject to any offset not expressly provided in this Sublease, which theretofore accrued to the Sublessee against Sublessor, or (iii) be bound by any previous modification of this Sublease (which is made without Landlord's consent) or by any previous prepayment of more than one month's rent.

5.3. Sublessee shall observe and perform for the benefit of Landlord and Sublessor, each and every term, covenant, condition and agreement of the Master Lease which Sublessor is required to observe or perform with respect to the Premises as Tenant under the Master Lease, except for the

covenants of Sublessor to pay Landlord the Fixed Rent. Except as otherwise specifically provided in this Sublease, all of the terms, covenants, conditions and agreements which Landlord or Sublessor are required to observe or perform with respect to the Premises as parties to the Master Lease are hereby incorporated herein by reference and deemed to constitute terms, covenants, conditions and agreements which Sublessor and Sublessee are required to observe or perform under this Sublease as if set forth herein at length, mutatis mutandis (it being agreed that for purposes of such incorporation by reference, all references to "Landlord" in the Master Lease shall be deemed to mean and refer to "Sublessor"; all references to "Tenant" in the Master Lease shall be deemed to mean and refer to "Sublessee"; and all references to "Premises" in the Master Lease shall be deemed to mean and refer to the "Premises" subleased hereunder). Sublessor may exercise all of the rights, powers, privileges and remedies reserved to Landlord under the Master Lease to the same extent as if fully set forth herein at length, including, without limitation, all releases from liability to Landlord thereunder except as may be provided otherwise herein, and all rights and remedies arising out of or with respect to any default by Sublessee in the payment of Rent hereunder or the observance or performance of the terms, covenants, conditions and agreements of this Sublease (including those portions of the Master Lease that are incorporated herein).

5.4. Notwithstanding Section 5.3 above, the following provisions of the Master Lease shall not be incorporated in this Sublease: Sections 1.6, 2.4, 6.2, 7.13, 15.5 and 15.6 and Articles 17, 18, 19, 24 and 29.

5.5. The consent of Landlord shall be required in connection with any act which requires the consent of Landlord pursuant to the terms of the Master Lease, notwithstanding that a particular provision herein may not require Sublessor's consent or states that only Sublessor's consent is required.

6. Services.

6.1. With respect to work, services, repairs and restoration or the performance of other obligations required by Landlord under the Master Lease, if any, Sublessor does not undertake and shall have no obligation to perform any of the same. Notwithstanding the foregoing, Sublessee shall be entitled during the Term to receive all services, utilities, repairs and facilities which Landlord is required to provide insofar as such services, utilities, repairs and facilities pertain to the Premises. Notwithstanding anything to the contrary in this Sublease, Sublessor shall have no liability of any nature whatsoever to Sublessee as a consequence of the failure or delay on the part of Landlord in performing any or all of its obligations under the Master Lease, unless such failure or delay is caused solely by Sublessor, and under no circumstances shall Sublessee have any right to require or obtain the performance by Sublessor of any obligations of Landlord under the Master Lease or otherwise. Sublessee's obligations under this Sublease shall not be impaired, nor shall the performance thereof be excused, because of any failure or delay on the part of Landlord in performing its obligations under the Master Lease.

6.2. If at any time during the Term Landlord shall default in any of its obligations to furnish facilities, services or utilities or to make repairs to the Premises, then, upon Sublessor's receipt of a written notice from Sublessee specifying such default, Sublessor shall, at Sublessee's sole cost and expense, use its reasonable efforts to cause Landlord to cure such default. Any action or proceeding instituted by Sublessor against Landlord to enforce such rights shall be conducted at the expense of Sublessee.

7. Alterations and Repairs.

7.1. Sublessee shall make no alterations, installations, additions or improvements (collectively, "Alterations") in or about the Premises without the prior written consent of Sublessor and Landlord in each instance, which consent shall not be unreasonably withheld by Sublessor as to

nonstructural Alterations which do not affect building systems provided any required consent of Landlord (to the extent required under the Master Lease) shall have first been obtained.

7.2. Sublessor shall have no obligations whatsoever to make any repairs or Alterations in the Premises to any systems serving the Premises or to any equipment, fixtures or furnishing in the Premises, or to restore the Premises in the event of a fire or other casualty therein or to perform any other duty with respect to the Premises which Landlord is required to perform pursuant to certain obligations which Landlord has to Sublessor under the Master Lease. Sublessee shall look solely to Landlord for the making of any and all repairs in the Premises and the performance of all such other work and responsibilities and only to the extent required by the terms of the Master Lease.

8. <u>Insurance</u>.

8.1. Sublessee, at Sublessee's sole expense, shall maintain for the benefit of Sublessee, Sublessor and Landlord such policies of insurance required by the Master Lease or reasonably satisfactory to Sublessor as to coverage and insurer (who shall be licensed to do business in the State of New York). Sublessee shall furnish to Sublessor certificates of insurance evidencing such coverage prior to the Commencement Date.

8.2. Nothing contained in this Sublease shall relieve Sublessee or Sublessor from any liability as a result of damage from fire or other casualty, but each party shall look first to any insurance in its favor before making any claim against the other party for recovery for loss or damage resulting from fire or other casualty. To the extent that such insurance is in force and collectible and to the extent permitted by law, Sublessor and Sublessee each hereby releases and waives all right to recovery against the other or anyone claiming through or under the other by way of subrogation or otherwise. The foregoing release and waiver shall be in force only if the insurance policies of Sublessor and Sublessee provide that such release or waiver does not invalidate the insurance; each party agrees to use its best efforts to include such a provision in its applicable insurance policies. If the inclusion of said provision would involve an additional expense, either party, at its sole expense, may require such provision to be inserted in the other's policy.

9. <u>Assignment, Subletting and Encumbrances.</u>

9.1. Sublessee shall not sublease, mortgage, pledge or otherwise encumber all or any part of the Premises, assign this Sublease (by operation of law or otherwise) or permit the Premises to be used or occupied by anyone other than Sublessee, without the prior written approval of Sublessor and Landlord in each instance, which approval from Landlord and Sublessor shall each be in their respective sole discretion. The installation of any demising wall separating the subleased space from the balance of the Premises shall be subject to the approval of Sublessor (which shall be granted or withheld as provided in this Sublease with respect to Alterations) and of Landlord.

9.2. Notwithstanding anything to the contrary herein, employees and principals of Caravel Management LLC shall be permitted to use and occupy the Premises without any further approval of Sublessor or Landlord.

10. <u>Indemnification</u>

10.1. Sublessor, Landlord, their respective employees, agents, contractors, licensees and invitees, shall not be liable to Sublessee, its employees, agents, contractors, licensees or invitees, and Sublessee shall indemnify and hold harmless Sublessor and Landlord and their respective employees, contractors, licensees or invitees for any and all loss, cost, liability, claim, damage and expense,

including, without limiting the generality of the foregoing, attorneys' and paralegal's fees and expenses and court costs, penalties and fines incurred in connection with or arising from any injury to Sublessee or any other person or for any damage to, or loss (by theft or otherwise) of, any of the property of Sublessee and/or any other person, (i) irrespective of the cause of such injury, damage or loss if occurring in or about the Premises, and (ii) to the extent caused by the acts, omissions or negligence of Sublessee, its employees, agents, contractors, licensees, or invitees, if occurring in or about the Premises.

10.2. Sublessee shall indemnify and hold harmless Sublessor and Landlord, and their respective employees, agents, contractors, licensees and invitees, from and against any and all loss, cost, liability, claims, damage and expenses, including, without limiting the generality of the foregoing, attorneys' and paralegals' fees and expenses and court costs, penalties and fines, incurred in connection with or arising from (i) any default by Sublessee in the observance or performance of, or compliance with, any of the terms, covenants or conditions of this Sublease or the Master Lease on Sublessee's part to be observed, performed or complied with, (ii) the use or occupancy or manner of use or occupancy of the Premises by Sublessee or any person claiming through or under Sublessee or the exercise by Sublessee or any person claiming through or under Sublessee of any rights granted to Sublessee hereunder, (iii) any acts, omissions or negligence of Sublessee or any person claiming through or under Sublessee, or the employees, agents, contractors, licensees or invitees of Sublessee or any such person, in or about the Premises or the Premises either prior to, during, or after the termination of this Sublease or (iv) the condition of the Premises for which Sublessee is liable. If any action or proceeding shall be brought against Sublessor or Landlord by reason of any such claim, Sublessee, upon notice from Sublessor or Landlord, shall resist and defend such action or proceeding and employ counsel therefor reasonably satisfactory to Sublessor and Landlord. Sublessee shall pay to Sublessor on demand all sums which may be owing to Sublessor and Landlord by reason of the provisions of this Section 10.2. Sublessee's obligations under this Section 10.2 shall survive the Expiration Date or other termination of this Sublease.

11. Time Limits.

11.1. Except with respect to actions to be taken by Sublessee for which shorter time limits are specifically set forth in this Sublease, which time limits shall control for the purposes of this Sublease, the time limits provided in those portions of the Master Lease that are incorporated herein for the giving or making of any Notice (as hereinafter defined) by the tenant thereunder to Landlord, the holder of any leasehold mortgage or any other party, or for the performance of any act, condition or covenant by the tenant thereunder, or for the exercise of any right, remedy or option by the tenant thereunder, are changed for the purpose of incorporation into this Sublease, by shortening the same in each instance by (i) fifteen (15) days with respect to all such periods of sixty (60) or more days, (ii) seven (7) business days with respect to all such periods of thirty (30) or more days but less than sixty (60) days, (iii) five (5) business days with respect to all such periods of twenty (20) or more but less than thirty (30) days and (iv) three (3) business days with respect to all such periods of less than twenty (20) days, provided, however, that in no event shall any such period be shortened to less than five (5) business days, so that any Notice may be given or made, or any act, condition or covenant performed, or option hereunder exercised, by Sublessor within the time limit relating thereto contained in the Master Lease.

11.2. Except with respect to actions to be taken by Sublessor for which longer time limits are specifically set forth in this Sublease, which time limits shall control for the purposes of this Sublease, the time limits provided in the Master Lease for the giving or making of any Notice by Landlord or the performance of any act, covenant or condition by Landlord for the exercise of any right, remedy or option by Landlord thereunder are changed for the purposes of this Sublease, by lengthening the same in each instance by (i) ten (10) days with respect to all such periods of sixty (60) or more days (ii) seven (7) business days with respect to all such periods of thirty (30) or more but less than sixty (60) days, (iii) five (5) business days with respect to all such periods of twenty (20) or more but less than thirty (30) days and

(iv) three (3) business days with respect to all such periods of less than twenty (20) days so that any Notice may be given or made, or any act, condition or covenant performed or option hereunder exercised by Landlord within the number of days respectively set forth above, after the time limits relating thereto contained in the Master Lease.

12. Quiet Enjoyment.

12.1. Sublessor covenants that, as long as Sublessee shall pay the Sublease Fixed Rent and Additional Rent and all other amounts due hereunder and shall duly observe, perform, and comply with all of the terms, covenants and conditions of this Sublease on its part to be observed, performed or complied with, Sublessee shall, subject to all of the terms of the Master Lease and this Sublease, peaceably have, hold and enjoy the Premises during the Term without molestation or hindrance by Sublessor.

13. Notices.

All notices, consents, approvals or other communications (collectively, a "Notice") required to be given under this Sublease or pursuant to law shall be in writing and, unless otherwise required by law, shall be given by certified mail, return receipt requested, postage prepaid or by nationally recognized overnight courier service, to the parties at the addresses set forth in this section or such other address as either may designate by Notice to the other. Notices to Sublessee shall be addressed to: Egyptian-American Enterprise Fund, 888 Seventh Floor, 30th Floor, New York, New York 10106, Attn: Margaret Engelhardt, Email: mengelhardt@caravelfund.com. Notices to Sublessor shall be addressed to: Artemis Real Estate Partners, LLC, 5404 Wisconsin Avenue, Suite 1150, Chevy Chase, Maryland 20815, Attn: Legal Department, Email: john.jacobsen@artemisrep.com, RENotices@artemisrep.com, katie.conover@artemisrep.com, with a copy of any Notice to Sublessor given in a like manner to Artemis Real Estate Partners, LLC, 888 Seventh Avenue, 30th Floor, New York, New York 10019, Attn: Asset Management. Any notice given pursuant hereto shall be deemed to have been received on the third business day after the mailing thereof if mailed in accordance with the terms hereof or on the following business day after delivery to the overnight courier service. Counsel for Sublessor and Sublessee may give notices hereunder on behalf of their respective clients.

14. Broker.

Sublessee and Sublessor represent and warrant to each other that they have not dealt with any broker in connection with this Sublease and that no broker or person had any part or was instrumental in any way in bringing about this transaction. Sublessee and Sublessor shall indemnify and hold each other harmless from and against any and all loss, claims, liabilities, damages and expenses, including, without limitation, attorneys' fees and expenses and court costs, arising out of or in connection with any breach or alleged breach of the above representations or any claim by any person or entity for brokerage commissions or other compensation in connection with the consummation of this Sublease. The provisions of this Section 14 shall survive the expiration or sooner termination of this Sublease.

15. Waiver of Rights to Jury and Counterclaim.

15.1. Sublessor and Sublessee each hereby waive trial by jury in any action, proceeding or counterclaim brought by either of the parties against the other on any matters whatsoever arising out of or in any way connected with this Sublease, the relationship of Sublessor and Sublessee, Sublessee's use or occupancy of the Premises, and/or any claim of injury or damage, or for the enforcement of any remedy under any statute, emergency or otherwise. Sublessor and Sublessee further agree that in the event Sublessor commences any summary proceeding for non-payment of Rent, Sublessee will not interpose

any counterclaim of whatever nature or description in any such proceeding.

15.2. Sublessee hereby waives its right to interpose or counterclaim in any summary proceeding instituted by Sublessor to remove Sublessee from the Premises or in any action or proceeding instituted for the collection of Sublease Fixed Rent, Additional Rent or other amounts Sublessee is obligated to pay Sublessor hereunder.

16. Miscellaneous.

16.1. This Sublease shall be governed by and construed in accordance with the laws of the State of New York.

16.2. The section headings in this Sublease are inserted only as a matter of convenience for reference and are not to be given any effect in construing this Sublease.

16.3. If any of the provisions of this Sublease or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Sublease, or the application of such provision or provisions to persons or circumstances other than those as to whom or which it is held invalid or unenforceable, shall not be affected thereby, and every provision of this Sublease shall be valid and enforceable to the fullest extent permitted by law.

16.4. All of the terms and provisions of this Sublease shall be binding upon and inure to the benefit of the parties hereto and, subject to the provisions of Section 9 hereof, their respective successors and assigns.

16.5. Sublessor has made no representations, warranties or covenants to or with Sublessee with respect to the subject matter of this Sublease except as expressly provided herein and all prior negotiations and agreements relating thereto are merged into this Sublease. This Sublease may not be amended or terminated, in whole or in part, nor may any of the provisions be waived, except by a written instrument executed by the party against whom enforcement of such amendment, termination or waiver is sought and unless the same is permitted under the terms and provisions of the Master Lease.

16.6. This Sublease may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same Sublease. An executed counterpart of this Sublease transmitted by email or other electronic transmission or using electronic signature technology (e.g., via DocuSign or similar electronic technology) shall be (i) deemed an original counterpart of this Sublease and (ii) legally binding upon the parties hereto to the same extent as delivery of an original counterpart of this Sublease.

17. Personalty.

17.1. From time to time, but only if agreed to in writing by Sublessor and Sublessee (with neither party having any obligation to so agree), Sublessee shall pay to Sublessor, as Additional Rent and within fifteen (15) days of Sublessor's demand therefore accompanied by receipts or bills evidencing same, (i) thirty percent (30%) of all Sublessor Improvement Expenses (as hereinafter defined) incurred with respect to the Entire Premises (as opposed to any Sublessor Improvement Expenses incurred solely with respect to the portion of the Entire Premises that does not include the Premises), and (ii) one hundred percent (100%) of all Sublessor Improvement Expenses incurred solely with respect to the Premises. As used herein "Sublessor Improvement Expenses" means all out of pocket costs and expenses incurred by Sublessor (and not reimbursed by Landlord pursuant to the Master Lease) in preparing the Entire Premises or the Premises, as the case may be, for its initial occupancy, including, without limitation, hard

and soft construction costs, wiring and telecommunication costs, architects', engineers' and permit fees, and the cost of all Personalty (as hereinafter defined) therein, including, without limitation, furniture.

17.2. Sublessor hereby grants to Sublessee the right to use, during the term of this Sublease, all personal property presently located in the Premises and not provided by Sublessee (the "Personalty"), including, without limitation, furniture. Sublessee acknowledges and agrees that:

(a) Sublessor makes no representations or warrantees with respect to the Personalty, either with respect to the condition thereof, or its use or suitability, or any matter or thing whatsoever. Sublessee acknowledges having inspected the Personalty and agrees to take the same in its "as is" condition on the date hereof.

(b) Sublessee acknowledges that the Personalty remains the property of Sublessor. Sublessee covenants and agrees throughout the term of this Sublease to take good care of the Personalty throughout the term. Sublessee shall be prohibited from removing any of the Personalty from the Premises during the term, or from selling, leasing, mortgaging or otherwise encumbering the Personalty.

(c) Sublessee shall be responsible for any and all damage to the Personalty occurring during the term of this Lease, whether caused by Sublessee or any other party (other than Sublessor).

(d) On the expiration or sooner termination of this Sublease, Sublessee shall surrender possession of the Personalty to Sublessor in the same condition existing on the date hereof, reasonable wear and tear only excepted.

(e) Sublessee shall pay to Sublessor, promptly upon Sublessor's demand therefore and as Additional Rent hereunder, Sublessor's costs in connection with maintaining, repairing or replacing any of the Personalty for which Sublessee is liable pursuant to the terms of this Section. Sublessee's obligations hereunder shall survive the expiration or sooner termination of this Sublease.

[Signatures appear on following page]

IN WITNESS WHEREOF, Sublessor and Sublessee have executed this Sublease as of the day and year first above written.

Sublessor:

ARTEMIS REAL ESTATE PARTNERS, LLC

By: ______________________
Name: Alex Gilbert
Title: Co-Chief Executive Officer

Sublessee:

EGYPTIAN-AMERICAN ENTERPRISE FUND

By: ______________________
Name:
Title:

Exhibit A

Premises

